COPY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

FEB 07 2022

Nathan Ochsner, Clerk of Court

Adrian Campbell

V

Patricia H. Booth, individual

Jason B. Libby, individual

Julie K. Hampton, individual

Drew. B. Tipton, individual


PETITION AND COMPLAINT IN THE NATURE OF A
SUIT FOR DEPRIVATION OF RIGHTS - 42 USC 1983,
FOR INJUNCTIVE AND DECLARATORY RELIEF
AND OTHER DAMAGES AS THE COURT SHALL
DETERMINE REASONABLE, LAWFUL AND JUST.

I, Adrian Campbell, AGRIEVED PART, COMPLAINT
AND PETITION THIS COURT UNDER AUTHORITY OF 42
USC 1983 FOR DEPRIVATION OF FEDERALLY
PROTECTED RIGHTS CLEARLY ARTICULATED IN
THE UNITED STATES CONSTITUTION AMND 4, 5, 14.

INDIVIDUALS, PATRICIA H. BOOTH, JASON B. LIBBY, JULIE
K. HAMPTON AND DREW. B. TIPTON, WITH MALICE AND
AFORETHOUGHT CONSPIRED, UNDER COLOR OF LAW,

To. And is currently depriving Petitioner of his God given right to freedom and liberty and unreasonable seizure of person with due process of law.

Cause for injunctive and declaratory relief. On 06-15-21 Patricia H. Booth and Jason B. Libby with malice and aforethought conspired under color of law to deprive Petitioner of his right to liberty and unreasonable seizure of person by issuance of an arrest warrant to seize, restrain and arrest Petitioner. D.E 5

On 07-06-21 Petitioner filed a pro se motion to dismiss, thus notifying the court the the record lack injury in fact. D.E 37

On 07-13-21 Julie K. Hampton issued a void order striking motion to dismiss. D.E 45

On 07-29-21 Patricia H. Booth and Julie K. Hampton with malice and aforethought conspired under color of law to further deprive Petitioner of his right to freedom and unreasonable seizure of person guaranteed by the constitution by the issuance of void order of detention. D.E 63

2/10

ON 08-04-21 PETITIONER FILED A PRO SE MOTION
TO DISMISS FOR LACK OF ARTICLE III STANDING

ON 08-04-21 PETITIONER FILED A PRO SE MOTION FOR
A JURISDICTION HEARING. D.E 68

ON 08-24-21 JULIE K. HAMPTON ISSUED A VOID ORDE
DENYING PETITIONER MOTION FOR JURISDICTION HEARING. DE 87

ON 08-24-21 JULIE K HAMPTON IGNORED THE COURT
RECORD AND ISSUE A M&R TO DENY MOTION TO DISMISS D.E 88

ON 10-08-21 DREW B. TIPTON CONSPIRED WITH JULIE K
HAMPTON, JASON B. LIBBY AND PATRICIA H. BOOTH
UNDER COLOR OF LAW AND ISSUE A VOID ORDER ACCEPTING
MAGISTRATE M&R DESPITE THE LACK OF JURISDICTION.

ADDITIONALLY, DREW B. TIPTON DENIED 4 ADDITIONAL
MOTION THAT WERE INTENDED TO NOTIFY THE
COURT THAT SUBJECT MATTER JURISDICTION
IS ABSENT FROM THE RECORD. D.E's 127, 128, 132, 137.

ON 12/21- DREW B TIPTON OVERRULED PETITIONERS
OBJECTION TO THE FORM AND CONTENT OF THE
OPINION OF THE COURT.
ALL ORDERS ISSUED IN SAID CRIMINAL ACTION ARE
NULL AND VOID FOR WANT OF SUBJECT MATTER JURISDICTION.

3/10

## CAUSE FOR DAMAGES

ABOUT JUNE OF 2021 PATRICIA H. BOOTH AND OTHER PERSONS CONSPIRED A MALICIOUS PROSECUTION AND DID IN FACT COMMENCED PROSECUTING PETITIONER IN A COLOR OF LAW PROCEEDING IDENTIFIED AS CASE no V-21-97M/ 6:21 CR 121-3. SAID LEGAL PROCEEDING IS CONTRARY TO THE LAWS ESTABLISHED BY THE UNITED STATES CONSTITUTION AMENDMENT 14, AND ARTICLE III "CASE OR "CONTROVERSY" STANDING REQUIREMENT THAT IS NECESSARY TO ACCESS THE FEDERAL COURTS.

THE LISTED INDIVIDUALS CONSPIRED TO ISSUE AN ADVISORY OPINION UNDER COLOR OF LAW DISGUISED AS A LAWFUL BINDING JUDGMENT IS A MALICIOUS PROSECUTION PROHIBITED BY LAW, CODE OF CONDUCT FOR UNITED STATES JUDGES AND JUDGES OATH OF OFFICE.

THE COURT RECORD CONFIRM THAT ALL INVOLVED INDIVIDUALS WERE MADE AWARE THAT SUBJECT MATTER JURISDICTION WAS LACK BECAUSE THE PLAINTIFF ALLEGED No INJURY IN FACT. AS REQUIRED BY LAW.

"WHEN WANT OF JURISDICTION IS KNOWN TO THE JUDGE, No EXCUSE IS PERMISSIBLE."
TURNER V. RAYNES 611 F.2d 92 (5TH CIR 1980)

4/10

PETITIONER IS CURRENTLY SUFFERING FINANCIAL, ECONOMICAL, SOCIAL, EMOTIONAL AND PHYSICAL INJURIES CAUSED BY DEPRIVATION OF LIBERTY GUARANTEED BY THE UNITED STATES CONSTITUTION AMENDMENT 14 DUE TO SAID COLOR OF LAW PROCEEDING.

DUE TO SAID MALICIOUS PROSECUTION UNDER COLOR OF LAW PETITIONER IS CURRENTLY ARRESTED AND DETAINED AGAINST WILL, THUS BEING DEPRIVED OF MY GOD GIVEN RIGHT TO BE FREE FROM UNREASONABLE SEIZURE OF PERSON / UNWANTED RESTRAIN ON PERSONAL LIBERTY GUARANTEED BY THE UNITED STATES CONSTITUTION AMENDMENT 4, CAUSED BY THE ARREST WARRANT AND/OR SUBSEQUENT ARRAIGNMENT PERPETUATED UNDER COLOR OF LAW.

PATRICIA H. BOOTH IS BLAME WORTHY AND FULLY LIABLE UNDER UNITED STATES SUPREME COURT RULINGS, WHICH ILLUSTRATE THAT PRIVATE INDIVIDUALS ARE WITHIN REACH OF 42 USC 1983 WHEN ACTING IN CONSPIRACY WITH STATE OFFICIALS.

THE ADDITIONAL INDIVIDUALS ARE ALSO BLAME-WORTHY AND FULLY LIABLE UNDER COMMON LAW AUTHORITIES THAT REQUIRE JUDGES BE STRIPPED OF ANY PRESUMPTION OF IMMUNITY FOR ACTS DONE IN CLEAR ABSENCE OF ALL JURISDICTION.

WHEN A STATE OFFICER ACTS UNDER A STATE
LAW IN A MANOR VOLATIVE OF THE FEDERAL
CONSTITUTION, HE COMES INTO CONFLICT WITH THE
SUPERIOR AUTHORITY OF THAT CONSTITUTION, AND
IS SUBJECTED IN HIS PERSON TO CONSEQUENCES
OF HIS INDIVIDUAL CONDUCT.
SCHEUER V. RHODES 416 U.S 232 94 S.CT (1974).

IT IS CLEAR THAT A JUDGE WHO ACTS IN THE
ABSENCE OF SUBJECT MATTER JURISDICTION MAY BE
HELD LIABLE FOR HIS JUDICIAL ACTS.
STUMP V. SPARKMAN 435 U.S 349 98 S.CT (1978).

CONCLUSION
THE FEDERAL COURTS LACKS DISCRETION TO REFUSE
TO VACATE A VOID ORDER IN ORDER TO OBTAIN
RELIEF.
THE FOURTEENTH AMENDMENT PROVIDE THE
NECESSARY PROTECTION FROM INTRUSION ON MY
God GIVEN RIGHTS BY STATE GOVERNMENTS,
POLITICAL SUBUNITS, AND INDIVIDUALS WHO ACT
UNDER COLOR OF LAW.

## JURISDICTIONAL STATEMENT

THIS COURT HAS JURISDICTION OVER THE PARTIES TO THIS ACTION AS WELL AS SUBJECT MATTER JURISDICTION. PETITIONER HAVE ARTICULATED THIS COURT'S AUTHORITY TO ACT UNDER 42 USC 1983 AND THE COMMON LAW DOCTRINE. PETITIONER APPEAR IN THIS ACTION AND TESTIFY TO HIS INJURIES.

## ENTITLEMENT

PETITIONER IS ENTITLED TO INJUNCTIVE AND DECLARATORY RELIEF PROHIBITING RESPONDENTS FROM ENFORCING SAID VOID ORDERS.

COMPLAINANT IS ENTITLED TO RELIEF AS A MATTER OF LAW AND 42 USC 1983

## REMEDY SOUGHT

PURSUANT TO THE LAW ESTABLISHED BY THE U.S CONST. ART III "CASE" OR "CONTROVERSY" AND THE STANDING REQUIREMENTS ESTABLISHED BY THE HIGHER COURTS, THIS ACTION SHOULD BE DISMISSED FOR LACK OF STANDING... I.E. INJURY IN FACT.

RESPONDENTS SHOULD BE HELD JOINTLY AND SEVERALLY LIABLE FOR INJURIES.

COMPLAINANT IS SEEKING FORTY MILLION DOLLARS ($40,000,000) IN COMPENSATION FOR INJURIES.

JURY TRIAL REQUESTED.

I DECLARE UNDER PENALTY OF PERJURY
UNDER THE LAWS OF THE UNITED STATES OF
AMERICA THAT THE FOREMENTIONED IS TRUE
AND CORRECT.

BY: Adam K Campbell
DATE: January 30, 2022

PLAINTIFF/PETITIONER IS A LAYMAN AT LAW PROCEEDING
IN THESE MATTERS IN SUI JURIS PRO PRIA PERSONA, SEEKING
REVIEW OF THESE MATTERS UNDER THE PROVISIONS OF
TALLEY V. LANE, 13 F. 2d 1031 (7TH CIR 1994) & Blood v. MARQUIS
WHERE IT IS HELD THAT:
"PRO SE LITIGANTS PLEADINGS ARE TO BE CONSTRUED
LIBERALLY AND HELD TO LESS STRINGENT STANDARD
THAN FORMAL PLEADINGS DRAFTED BY LAWYERS:
IF COURT CAN REASONABLY READ PLEADING TO
STATE A VALID CLAIM ON WHICH LITIGANTS COULD
PREVAIL, IT SHOULD DO SO DESPITE FAILURE TO CITE
PROPER LEGAL AUTHORITY, CONFUSION OF LEGAL THEORIES,
POOR SYNTAX AND SENTENCE CONSTRUCTION, OR
LITIGANTS UNFAMILIARITY WITH PLEADING REQUIREMENTS."
SIMMON V. ABBUZZO (2nd CIR 1995).
IN CAMERON V. IRS 593 F.SUP (1984) IT IS DETERMINED
THAT UNDER GENERAL PRINCIPAL IT IS AGREED THAT PRO
SE PLEADINGS ARE HELD TO LESS STRINGENT PLEADING
REQUIREMENTS AND TECHNICAL RIGORS.

PLAINTIFF/PETITIONER REQUEST THAT THE COURT
TAKE JUDICIAL NOTICE OF THE SUBSTANCE OF
THE PLEADING RATHER THAN THE FORM AND ASK
FOR FULL CONSIDERATION THERE FROM IN THE
REVIEW OF THESE SUBMITTED DOCUMENTS IN THE
ABOVE ENTITLED ACTION.

United States Courts
Southern District of Texas
FILED

FEB 07 2022

Nathan Ochsner, Clerk of Court

**PROOF OF SERVICE BY MAIL**

C.C.P. §§ 1012, 1013, 1013a

I am a Citizen of the Republic of California and thereby of the Republic of the united States of America, over the age of 18 years of age and not a party to the within action; my location is c/o USPS P.O. Box 552, Clearlake Park (Lake County), California [Non-Domestic], Zip Code Exempt [Domestic Mail Manual §602 1.23(2)].

I served a true copy of the following document:

1.     Plaintiff's PETITION AND COMPLAINT UNDER TITLE 42 USC 1983 (9 pgs)

By placing said copy(s) in an envelope addressed to the person(s) designated below:

Clerk of the Court,
U.S. District Court of Texas
Southern District
1133 N. Shoreline Blvd.
Corpus Christ, Texas 78401
Cert. Mail#70170660000077066256

Patricia H. Booth
800 N. Shoreline Blvd. Suite# 500
Corpus Christi, Texas 78401
Cert. Mail #70170660000077066263

Jason B. Libby,
1133 N. Shoreline Blvd.
Corpus Christi, Texas 78401
Cert. Mail#70170660000077066294

Julie K. Hampton,
1133 N. Shoreline Blvd.
Corpus Christi, Texas 78401
Cert. Mail#70170660000077066287

Drew B. Tipton,
1133 N. Shoreline Blvd.
Corpus Christi, Texas 78401
Cert. Mail#70170660000077066270

These envelopes were then sealed and first-class postage prepaid thereon, and were deposited in the United States Mail on February 1, 2022, at Clearlake, California.

I declare under the penalty of perjury under the laws of the California state Republic and of the United States of America that the foregoing is true and correct.

Executed: January 30, 2022

Shirley James Harris



RETURN RECEIPT
REQUESTED

Return Receipt -
Requested

Stanley Norris
C/O P.O. Box 552
Cloverdale Park, CA.

CERTIFIED MAIL®

7017 0660 0000 7706 6294

Jason B. Libby
1133 N. Shoreline Blvd.,
Corpus Christi, Texas
78401

FIRST-CLASS

United States Courts
Southern District of Texas
FILED

FEB 07 2022

Nathan Ochsner, Clerk of Court

*** PITNEY BOWES ***
US POSTAGE
$ 007.58⁰
02  7H
0001325583  JAN 31 2022
MAILED FROM ZIP CODE 95424