Case 2:22-cv-00052 Document 10 Filed on 04/15/22 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIAN CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00052 |
| | § | |
| PATRICIA HUBERT BOOTH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Adrian Campbell ("Plaintiff"), a Victoria County Jail inmate proceeding *pro se*, has filed a 42 U.S.C. § 1983 action against United States District Judge Drew B. Tipton, United States Magistrate Judge Julie K. Hampton, United States Magistrate Judge Jason B. Libby, and Assistant United States Attorney ("AUSA") Patricia H. Booth ("Defendants"). (Doc. No. 1.) For the reasons set forth below, the undersigned recommends that Plaintiff's claims be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A.

## I.   JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and recommendations on dispositive motions, pursuant to 28 U.S.C. § 636.

## II.   BACKGROUND

Plaintiff brings this 42 U.S.C. § 1983 civil rights action alleging that Defendants have collectively conspired to deprive Plaintiff of various constitutional rights in connection with his criminal case, *United States v. Foster, et al.*, 6:21-cr-121-3, which is currently pending in the

Victoria Division before Judge Tipton. Plaintiff argues that the court hearing his criminal case has no jurisdiction over him, because the United States has failed to allege an "injury in fact." (Doc. No. 1, p. 4.) Plaintiff concludes that because jurisdiction is lacking, the doctrine of judicial immunity does not apply, and thus Judges Tipton, Hampton, and Libby are liable to suit. *Id.* at 4-7.

On March 3, 2022, after filing this lawsuit, Plaintiff pleaded guilty before Judge Tipton to conspiring to possess more than five kilograms of cocaine with intent to distribute. Defendant is scheduled for sentencing on May 26, 2022. *See United States v. Foster, et al.*, 6:21-cr-121-3, Doc. No. 258.

In broad summary, Plaintiff alleges the following in support of his civil rights action. Plaintiff alleges that Defendants have deprived him of his right to "freedom and liberty" and violated his rights by an unreasonable seizure of his person without due process of law. (Doc. No. 1, pp. 1-2.) Plaintiff states that "all orders issued in said criminal action are null and void for want of subject matter jurisdiction." *Id.* at 3. Plaintiff labels Judge Hampton's order striking his motion to dismiss and her order denying his motion for a jurisdiction hearing as "void." *Id.* at 2-3. Plaintiff then asserts that Judge Hampton "ignored the court record and issued an M&R to deny [his] motion to dismiss." *Id.* at 3. He alleges that Judge Tipton "conspired with" Judge Hampton, Judge Libby, and AUSA Booth to issue a "void order" accepting this memorandum and recommendation. *Id.* Plaintiff complains that Judge Tipton "denied 4 additional motion[s] that were intended to notify the court that subject matter jurisdiction is absent from the record," and disagrees with Judge Tipton for overruling his objections. *Id.* at 3. Among other things, Plaintiff accuses Judge Libby of conspiring with AUSA Booth to wrongfully issue an illegal arrest warrant. *Id.* at 2. In addition to accusing AUSA Booth of conspiring with the federal

judges in his criminal case, Plaintiff also accuses her of bringing a "malicious prosecution." *Id.* at 4. As relief, Plaintiff requests monetary damages of $40 million and dismissal of his criminal case. (Doc. No. 1, p. 7.)[1]

### III. LEGAL STANDARD

The Prison Litigation Reform Act provides that any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); *see also* 28 U.S.C. § 1915A.[2] In this case, Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. *See, e.g.*, *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Martin v. Scott*, 156 F.3d 578, 579-580 (5th Cir. 1998). "In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). As Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

---

[1] Plaintiff claims he faces "financial, economical, social, emotional, and physical injuries caused by the deprivation of liberty . . . ." (Doc. No. 1, p. 5.)

[2] Plaintiff has paid the filing fee in this action, but the Court is still required to screen the action. Title 28 U.S.C. § 1915A provides:

> (a) Screening. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of legal conclusions that give rise to a reasonable inference that Defendants are liable. *Id.*; *Bell Atlantic Corp.*, 550 U.S. at 556. The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Id*. If the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

## IV.  DISCUSSION

### A.  The Court construes Plaintiff's § 1983 action as a *Bivens* action.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). "To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Adkins*, 487 U.S. 42, 48 (1988). Federal officials cannot be sued under § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*,

457 U.S. 800, 814-20 & n.30 (1982).  Plaintiff brings this action solely against federal actors.  Therefore, the Court notes at the outset that § 1983 is not the appropriate vehicle for Plaintiff's claims.  *See* 42 U.S.C. § 1983.

A plaintiff may, however, assert a claim against federal actors in a *Bivens* action.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006).  "A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials."  *Mauro v. Freeland*, 735 F. Supp. 2d 607, 614 (S.D. Tex. 2009) (Lake, J.) (quoting *Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n.36 (5th Cir. 2003)); *Harris v. U.S. Cts.*, No. 2:11-CV-0897, 2011 WL 7092588, at *1 n.1 (W.D. La. Dec. 22, 2011), *adopted*, 2012 WL 219439 (W.D. La. Jan. 23, 2012) (explaining that § 1983 does not apply to federal employees, and that because the plaintiff listed United States district judges as defendants, his claims against them fell under *Bivens*).  Additionally, because a *Bivens* action is the federal analogue to § 1983 actions against state actors, the standard of review is the same for either type of action.  *See McSmith v. Engelhardt*, No. CIV.A. 06-5363, 2006 WL 3478162, at *2 (E.D. La. Nov. 28, 2006).  Therefore, because Plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, the Court construes Plaintiff's § 1983 complaint as a *Bivens* action.

### B. *Plaintiff's claims are barred by immunity and must be dismissed.*

#### a. *Judicial immunity bars Plaintiff's claims against the defendant judges.*

Plaintiff complains of the rulings administered by Judges Tipton, Hampton, and Libby in his criminal case.³ Before addressing Plaintiff's substantive claims, the Court "must resolve any questions regarding absolute immunity." *Hunter v. City of Beaumont*, 867 F. Supp. 496, 498 (E.D. Tex. 1994) (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (absolute immunity is a threshold question)). Plaintiff cannot surmount the hurdle of absolute immunity.

"Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings." *Hobbs v. United States*, 73 F. App'x 54, 55 (5th Cir. 2003) (citing *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996)); *Boyd v. Biggers*, 31 F.3d 279, 294 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity 'applies even when the judge is accused of acting maliciously and corruptly.'" *Ceasar v. Methvin*, No. CV 6:17-0476, 2017 WL 2486373, at *2 (W.D. La. Apr. 21, 2017), *adopted*, 2017 WL 2509655 (W.D. La. June 8, 2017) (citing *Mireles*, 502 U.S. at 11).

---

³ Plaintiff complains of several judicial actions in his criminal case, including Judge Hampton's order striking Plaintiff's motion to dismiss, her memorandum and recommendation to deny Plaintiff's motion to dismiss for lack of Article III standing, and her order denying Plaintiff's motion for a jurisdiction hearing. (Doc. No. 1, pp. 2-3.) Plaintiff complains of Judge Tipton's denial of "4 additional motion[s] that were intended to notify the court that subject matter jurisdiction is absent from the record." *Id.* at 3. Plaintiff asserts that all orders issued in his criminal action are "null and void for want of subject matter jurisdiction." *Id.*

There are only two circumstances under which judicial immunity can be pierced: "(1) 'a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'; and (2) 'a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Bowling v. Roach*, 816 F. App'x 901, 906 (5th Cir. 2020), *cert. denied*, __ U.S. __, 141 S. Ct. 2466 (2021) (citing *Mireles*, 502 U.S. at 11-12). A judge's acts are judicial in nature if they are "'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd*, 31 F.3d at 285 (citing *Mireles*, 502 U.S. at 11).

Here, all of the judicial actions of which Plaintiff complains, such as the denials of his motions and the issuance of memoranda and recommendations against him in his criminal case, are acts normally performed by judges, and were undertaken in the course of the defendant judges' exercise of their judicial functions; the actions are thus judicial in nature. Moreover, Plaintiff does not contend that any action taken by the defendant judges were non-judicial in nature.

Additionally, the defendant judges in this case performed their actions well within their jurisdictional powers, and not in the "complete absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 360 (1978). United States district judges, and the United States magistrate judges who support them, "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *see also* 28 U.S.C. § 636. This is a broad jurisdictional grant: it means that federal criminal cases may be brought to United States district judges for resolution. Even if the defendant judges committed "grave procedural errors," *see Stump*, 435 U.S. at 359, or even if they took actions that were later found to have been beyond their authority, the defendant judges nonetheless acted in accordance

with the powers granted them by 18 U.S.C. § 3231 and 28 U.S.C. § 636, because they were acting pursuant to those statutes' grant of jurisdiction to act in federal criminal cases. Thus, there was no "clear absence of all jurisdiction" from the defendant judges' actions, and they are therefore entitled to absolute immunity.

The immunity enjoyed by Judges Tipton, Hampton, and Libby extends to all forms of relief, including monetary damages and injunctive, declaratory, and equitable relief. *See Wightman v. Jones*, 809 F. Supp. 474, 479 (N.D. Tex. 1992) (holding that in the context of a *Bivens* action, judicial immunity bars both declaratory and equitable relief); *Doe v. Rivera*, No. 1:19CV151-MPM-RP, 2020 WL 5078771, at *6 (N.D. Miss. Aug. 27, 2020) (in addition to immunity from suit for monetary damages, absolute immunity also "extends to *Bivens* claims for injunctive relief.").[4]

### b. *Prosecutorial immunity bars Plaintiff's action against AUSA Booth.*

Though confusing to follow, Plaintiff alleges that AUSA Booth "conspired" with the federal judges in his pending criminal case and that she conspired a "malicious prosecution." *See* Doc. No. 1, pp. 2, 4. Even assuming these allegations had any basis, "[p]rosecutors have absolute immunity from suit for actions performed within the scope of their prosecutorial duties." *Walker v. Mississippi*, No. 21-60442, 2021 WL 4618467, at *1 (5th Cir. Oct. 6, 2021) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420-24, 431 (1976)). "Prosecutorial immunity applies

---

[4] Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). This judicial immunity from injunctive relief "has been deemed applicable to *Bivens* actions against federal judicial officers." *McSmith v. Engelhardt*, No. CIV.A. 06-5363, 2006 WL 3478162, at *3 (E.D. La. Nov. 28, 2006) (citations omitted).

to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Boyd*, 31 F.3d at 285.  Plaintiff's allegations against AUSA Booth all relate to how she has litigated the criminal case against him.  Because Plaintiff points to no actions that the prosecutor performed outside the scope of her prosecutorial duties, Plaintiff's claims against AUSA Booth are barred by prosecutorial immunity.

### c. *Plaintiff's claims must be dismissed.*

For these reasons, all claims against Judges Tipton, Hampton, and Libby, and AUSA Booth, are barred, and the claims against them should be dismissed.  *See* 28 U.S.C. § 1915A(b)(2) (requiring a dismissal of claims for monetary relief against "a defendant who is immune from such relief").

Plaintiff's other requested remedy, dismissal of his criminal case, is not an available remedy in this civil action.  *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (federal courts apply the abstention doctrine when asked to enjoin or dismiss enforcement of federal criminal proceedings); *see also McPhee v. United States*, No. 1:21-cv-08672-GHW, 2021 WL 5014815, at *2 (S.D.N.Y. Oct. 27, 2021) (citing *Younger*, refusing to intervene in pending federal criminal proceeding); *Hale v. Morehead*, No. 10-3235-SAC, 2011 WL 32476, at *3 (D. Kan. Jan. 5, 2011) ("any challenges plaintiff may have to his federal prosecution, including that the matter should be dismissed due to lack of jurisdiction …, must be presented to the trial court in the first instance and on direct appeal of any federal conviction, if necessary.")

### C. **Plaintiff's substantive claim is frivolous.**

Even assuming Plaintiff's claims were not barred by judicial and prosecutorial immunity, Plaintiff's asserted cause of action is frivolous.  Plaintiff attempts to sue Defendants because they purportedly conspired with one another maliciously to prosecute Plaintiff and thereby deprive

him of his constitutional rights.  According to Plaintiff, the United States lacks standing under Article III of the Constitution to prosecute him, because it failed to allege an "injury in fact as required by law." (Doc. No. 1, p. 4.)

As discussed above, in applying the appropriate standard under 28 U.S.C. §§ 1915A(b)(1) and (2), the Court may scrutinize the basis of the complaint.  The Court may dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A violation of the United States' laws injures the United States' sovereignty, which, as the Supreme Court has stated, "suffices to support a criminal lawsuit by the Government." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *see also United States v. Horner*, 769 F. App'x 528, 532 n.5 (10th Cir. 2019) (rejecting argument that federal government lacked standing to prosecute defendant); *United States v. Yarbrough*, 452 F. App'x 186, 189 (3d Cir. 2011) ("Because the Government has standing to enforce its own laws, Yarbrough's argument that the Government has failed to allege an injury in fact is frivolous.").

Plaintiff's claim is indeed frivolous.  Here, Plaintiff was charged with conspiring to possess more than five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841.  Those statutes are laws of the United States, and an allegation of a violation of those laws is an allegation that the United States' sovereignty has been violated.  This more than satisfies any requirement to allege an "injury in fact."  The United States therefore had standing to charge Plaintiff with violating its laws.  In turn, the federal district court has jurisdiction to hear the criminal case alleging that Plaintiff violated the laws of the United States.  18 U.S.C. §

3231. Because the district court has jurisdiction in Plaintiff's criminal case, Plaintiff's asserted cause of action is frivolous, and the undersigned recommends it be dismissed.

## V. RECOMMENDATION

The undersigned **RECOMMENDS** that all claims against Defendants in this action be **DISMISSED with prejudice** for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(b).

## VI. NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

SIGNED on April 15, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge