United States District Court
Southern District of Texas

**ENTERED**

May 17, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIAN CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00052 |
| | § | |
| PATRICIA HUBERT BOOTH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Pending before the Court are Magistrate Judge Mitchel Neurock's Memorandum and Recommendation (M&R) (D.E. 10) and Plaintiff Adrian Campbell's objections (D.E. 13). After screening Plaintiff's complaint, the Magistrate Judge recommends that the Court dismiss with prejudice Campbell's complaint for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A. D.E. 10, p. 1. For the following reasons, the Court **OVERRULES** Campbell's objections and **ADOPTS** the Magistrate Judge's M&R in all respects.

## BACKGROUND

On March 3, 2022, Campbell pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine in a criminal case pending before Judge Drew Tipton in the Victoria Division. *United States v. Foster*, No. 6:21-cr-121-3 (S.D. Tex. Mar. 3, 2022) (D.E. 258). He awaits sentencing on May 26, 2022. *Id.* Following his guilty plea, Campbell, proceeding pro se, filed a civil rights action against Defendants

United States District Judge Drew B. Tipton, United States Magistrate Judge Julie K. Hampton, United States Magistrate Judge Jason B. Libby, and Assistant United States Attorney Patricia H. Booth (collectively, "Defendants").   D.E. 1.   He alleges that Defendants collectively conspired to deprive him of various constitutional rights in connection with his criminal case.  *Id.*  As relief, Campbell requests monetary damages of $40 million and dismissal of his criminal case.  *Id.* at 7.

## LEGAL STANDARD

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION[1]

### I.    Judicial Immunity

Campbell argues that the judges are not immune from suit because they lack jurisdiction over his criminal case and are thus proceeding in a nonjudicial capacity.  D.E. 13, pp. 5–6.  He first argues that jurisdiction must arise from a sworn complaint as to the perpetration of the crime.  *Id.* at 5.  But his case contains a sworn complaint, which adheres

---

[1] The Court has organized Campbell's M&R objections according to the structure of the M&R.  Thus, his objections appear in a different order than he presented in D.E. 13.

to the Federal Rules of Criminal Procedure. *Foster*, No. 6:21-cr-121-3 (S.D. Tex. June 15, 2021) (D.E. 1); *see also id.* (S.D. Tex. Aug. 24, 2021) (D.E. 88).

Campbell also argues that the Government lacks standing in his criminal case, thus rendering any judicial opinions advisory. D.E. 13, p. 5. But, as the M&R explains, "a violation of the United States' laws injures the United States' sovereignty, which, as the Supreme Court has stated, 'suffices to support a criminal lawsuit by the Government.'" D.E. 10, p. 10 (citing *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000)).

Defendant judges have jurisdiction over Campbell's criminal case and are thus entitled to immunity from claims arising out of the acts performed in the exercise of their judicial functions. *Boyd v. Biggers*, 31 F.3d 279, 294 (5th Cir. 1994). The Court **OVERRULES** Campbell's objections regarding judicial immunity, including jurisdiction and judicial capacity.

## II.    Prosecutorial Immunity

Campbell urges the same jurisdictional and standing points to argue that Booth acted outside the scope of her prosecutorial duties and thus is not entitled to prosecutorial immunity. D.E. 13, p. 7–8. For the same reasons listed in the above discussion of judicial immunity, the injury to the United States sovereignty supports a criminal lawsuit by the Government and the Court has jurisdiction to hear it. Booth acted within the scope of her prosecutorial duties and is thus entitled to prosecutorial immunity. The Court **OVERRULES** Campbell's objections regarding prosecutorial immunity.

3

### III.    Campbell's Challenge to His Guilty Plea

Campbell also states, for the first time in this civil action and without citation of specific facts or legal authority, that he pleaded guilty "under stress, duress, and threat of potentially extensive confinement."  D.E. 13, p. 4.  Generally, a claim raised for the first time in objections to an M&R is not properly before the district court and therefore is waived.  *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g.*, *Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).

Not only is this the first time Campbell raises this issue, but his argument is conclusory and therefore insufficient.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Any criminal defendant facing a long prison sentence could make such an argument after assessing the risks and entering a voluntary and intelligent guilty plea.[2]  Specifically, the Supreme Court has stated:

> We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.

---

[2] "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  "Given the great care with which pleas are taken under . . . Rule 11, there is no reason to view pleas . . . as merely 'tentative'" before a sentence is imposed.  *United States v. Hyde*, 520 U.S. 670, 676 (1997) (quoting Fed. R. Crim. P. 32(d) advisory committee's note).  "Were withdrawal automatic in every case where the defendant decided to alter his tactic . . . , the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim."  *Id.* at 677 (internal quotation omitted).

*Brady v. United States*, 397 U.S. 742, 750–51 (1970).  Accordingly, the allegation is insufficient to raise a claim.

Campbell also raises—for the first time in his objections—that while he pleaded guilty to the accusation listed in the indictment, he did not plead guilty to committing a crime, which he argues requires appearance and testimony of a victim with injury-in-fact. D.E. 13, p. 4.  In support, he cites to Supreme Court cases explaining that standing requires an injury-in-fact.  *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 444 (1992); *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)).  Again, a claim raised for the first time in objections to an M&R is not properly before the Court, as it has been waived.  *Armstrong*, 951 F.2d at 630.  Moreover, as discussed above and in the M&R, "a violation of the United States' laws injures the United States' sovereignty, which . . . 'suffices to support a criminal lawsuit by the Government.'"  D.E. 10, p. 10 (citing *Vt. Agency of Nat. Res.*, 529 U.S. at 771).

Therefore, Campbell's objections to the validity of his guilty plea are **OVERRULED**.

## IV.    Dismissal for Failure to State a Claim and Frivolousness

Campbell argues that he satisfies the pleading standards by sufficiently alleging that Defendants deprived him of federally protected rights and requesting relief in the form of monetary damages and dismissal of his criminal case.  D.E. 13, p. 2 (citing D.E. 1, pp. 1, 2, 7).  Campbell points to the language of his original complaint, which the M&R addressed.  D.E. 10, p. 9.  His complaint does not allege facts that give rise to a plausible

inference that any named defendant is liable.  *See Twombly*, 550 U.S. at 556–57 (interpreting the pleading requirements of Fed. R. Civ. P. 8(a)(2)).

Campbell further argues that his case is not frivolous because (1) he was deprived of federally protected rights, (2) his confinement is due to a color of law proceeding, and (3) his criminal case is not justiciable.  D.E. 13, p. 3.  He offers no further facts, authorities, or legal analysis beyond what has been discussed in this Order about standing, jurisdiction, and the procedure to bring a criminal case that calls the Magistrate Judge's conclusion into question.

Therefore, the Court **OVERRULES** Plaintiff's objections regarding stating a claim and frivolity.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Campbell's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Campbell's objections and **ADOPTS** the findings and conclusions of the Magistrate Judge.  Accordingly, Campbell's complaint is **DISMISSED** with prejudice.  D.E. 1.

ORDERED on May 17, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE